IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LARRY D. WILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-00509-CV-W-ODS |
| ) | |
| JAMES B. NUTTER & COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Pending are two motions to dismiss filed by Defendants Champion Mortgage Company Inc., Champion Mortgage Reverse Mortgage Servicing Department, Nationstar Mortgage LLC d/b/a Champion Mortgage Company, Nationstar Mortgage, Nationstar Mortgage Holdings, Fortress Investment Group LLC, and SouthLaw P.C. Docs. #7, 12. For the following reasons, both motions are granted. Plaintiff's claims against all Defendants, except James B. Nutter & Company,[1] are dismissed.

## I.   BACKGROUND

Plaintiff, who is proceeding pro se, filed this action against James B. Nutter & Company ("Nutter"); Champion Mortgage Company Inc., Champion Mortgage Reverse Mortgage Servicing Department, Nationstar Mortgage LLC d/b/a Champion Mortgage Company, Nationstar Mortgage, and Nationstar Mortgage Holdings (collectively "Nationstar Defendants"); Fortress Investment Group LLC ("Fortress"); and SouthLaw P.C. ("SouthLaw"). Doc. #4. Plaintiff asserts several claims against Defendants related to the foreclosure of Plaintiff's mother's property, and his title rights to the property. *Id.*

---

[1] Defendant James B. Nutter & Company filed a motion for leave to file its response to Plaintiff's Complaint out of time. Doc. #29. Plaintiff's response to that motion is due no later than November 16, 2017. Although James B. Nutter & Company has sought leave to file a motion to dismiss out of time, it has not been granted leave to file the motion out of time, and the motion to dismiss is not ripe for consideration. Accordingly, Plaintiff's claims against James B. Nutter & Company remain pending.

The Nationstar Defendants, Fortress, and SouthLaw move to dismiss Plaintiff's Complaint. Doc. #7,12. After Plaintiff failed to response to the motions to dismiss, the Court issued an order directing Plaintiff to show cause why the Court should not grant Defendants' motions. Doc. #16. In response, Plaintiff submitted a letter, and asked for additional time to respond to Defendants' motions to dismiss. Docs. #19, 21. The Court granted Plaintiff's request. Doc. #22. On October 20, 2017, Plaintiff filed a response to the motions to dismiss. Doc. #27. Thereafter, Defendants filed their replies. Docs. #30-31. These two motions to dismiss are now ripe for consideration.

## II. DISCUSSION

Collectively, the Nationstar Defendants, Fortress, and SouthLaw argue Plaintiff's claims against them should be dismissed for several reasons: (1) the *Rooker-Feldman* doctrine prevents this Court from having legal authority to consider Plaintiff's claims, (2) Plaintiff's claims are barred by res judicata, (3) Plaintiff failed to state a claim upon which relief can be granted, (4) Plaintiff lacks standing, and (5) the matter is barred by Missouri Rule 67.01.

### A. *Rooker-Feldman* Doctrine

This is the third action Plaintiff has filed based upon similar facts. In October 2016, Plaintiff filed a lawsuit against the same Defendants in the Circuit Court of Jackson County, Missouri.[2] Case No. 1616-CV25841 ("2016 state court matter"); Doc.

---

[2] In ruling a motion to dismiss for failure to state a claim, the Court must accept as true the complaint's factual allegations, and view the factual allegations in the light most favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, the Court is limited to a review of the complaint. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). But the Court may consider exhibits attached to the complaint, materials necessarily embraced by the complaint, and materials that are part of the public record. *Id.* at 698; *Levy v. Ohl*, 47 F.3d 988, 991 (8th Cir. 2007) (citations omitted). Accordingly, the Court will consider materials that are part of the public court files with regard to cases cited in Plaintiff's Complaint and the matter previously filed in this Court. Although Plaintiff's

#13-1.  In the 2016 state court matter, Plaintiff sought declaratory relief finding him the rightful holder of title to property located at 3719 College Avenue, Kansas City, Missouri 64128, and requested judgment against the same Defendants in this matter.  The 2016 state court matter arose from a reverse mortgage and note entered into between Lela Wills, the now-deceased borrower, and Champion.  Upon Wills's death, the reverse mortgage became due and payable, and the property at issue was foreclosed upon ultimately.[3]  Plaintiff sought to quiet title and obtain an injunction declaring him the sole owner of the property at issue.  On March 8, 2017, the Honorable Joel Fahnestock dismissed Plaintiff's 2016 state court matter because he failed to state a claim upon relief could be granted against SouthLaw, and lacked standing to bring his claims against the Nationstar Defendants and Fortress.  Doc. #8-2; Doc. #13-4.  Plaintiff did not appeal the dismissal.

One week later, on March 15, 2017, Plaintiff filed another lawsuit in the Circuit Court of Jackson County, Missouri, against the same Defendants.  Case No. 1716-CV06602 ("2017 state court matter"); Doc. #8-3; Doc. #13-6.  Instead of seeking quiet title, Plaintiff asserted claims of breach of fiduciary trust, violations of the Missouri Merchandising Practices Act, and wrongful foreclosure.  On June 19, 2017, the Honorable Dale Youngs dismissed Plaintiff's claims against the Nationstar Defendants and Fortress because Plaintiff lacked standing, and even if he had standing, Plaintiff's claims were barred by the doctrine of res judicata.  Judge Youngs dismissed the entire lawsuit with prejudice.  Doc. #8-4; Doc. #13-7.  Plaintiff did not appeal the dismissal.

Two days later, on June 21, 2017, Plaintiff initiated this matter.  He brings a "suit in equity, wrongful foreclosure, quiet title, fraud, Missouri Merchandising Practices Act."  Although these claims appear in the caption, and at the bottom of every page of his Complaint, Plaintiff's Complaint also refers to violations of civil rights, breach of fiduciary trust, and the Uniform Commercial Code.  The Nationstar Defendants, Fortress, and

---

initial Complaint did not include SouthLaw, he amended his Complaint in December 2016 to include SouthLaw.  *See* Doc. #8-1; Doc. #13-3.

[3] On January 9, 2017, Nationstar Mortgage LLC filed an unlawful detainer action in the Circuit Court of Jackson County, Missouri, against the Heirs at Law of Ms. Wills, including Plaintiff.  Case No. 1716-CV00619.  After a bench trial, the Honorable Gregory Gillis entered judgment in favor of Nationstar Mortgage LLC.

SouthLaw move to dismiss this matter, arguing this Court does not have jurisdiction to hear this matter.

A lower federal court, such as this Court, is generally without jurisdiction (that is, legal authority) to hear "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that that state court's action was unconstitutional." *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Federal courts, with the exception of the United States Supreme Court, do not have jurisdiction over an appeal of a state court decision. *Id.*; *see also* 28 U.S.C. § 1257; *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990). The Eighth Circuit holds the *Rooker-Feldman* doctrine precludes jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Plaintiff seeks the same redress in this Court for the injuries caused by state-court judgments rendered before Plaintiff commenced this lawsuit. It also appears Plaintiff wants this Court to reconsider the state court's decisions in the 2016 and 2017 state court matters. The *Rooker-Feldman* doctrine prohibits this Court from reconsidering claims already brought and considered by a state court. Simply, this Court does not have jurisdiction to consider Plaintiff's challenge to state court actions. For this reason alone, Defendants' motion to dismiss is granted.

### B. Res Judicata

The Nationstar Defendants, Fortress, and SouthLaw also argue this Court should dismiss Plaintiffs claims based upon the doctrine of res judicata. Res judicata bars "the same parties or their privities from relitigating the same cause of action." *Eugene Alper Const. Co., Inc. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 136 (Mo. Ct. App. 1983). "Claims that could have been raised…in the first action are merged into, and thus are barred by, the first judgment. To determine whether a claim is barred by a former judgment, the question is whether the claim arises out of the same act, contract or transaction." *Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318-19

(Mo. 2002). "[C]ollateral estoppel (issue preclusion) precludes the same parties or those in privity from relitigating issues which have been previously litigated." *Eugene Alper Const. Co.*, 655 S.W.2d at 136.

Here, Plaintiff alleges the same claims against Defendants he litigated in the state court matters, along with new claims against Defendants that were not litigated in the state court matters. With regard to the same claims alleged in the state court matters that are alleged in this matter, those claims are barred by the doctrine of res judicata. Further, with regard to the new claims Plaintiff alleges against Defendants, those claims arise from the same property at issue in the 2016 and 2017 state court matters. And the new claims arise from the same actions – reverse mortgage and foreclosure – that formed the bases of Plaintiff's claims in the state court matters. Thus, res judicata bars Plaintiff from bringing his claims in this matter against Defendants. Accordingly, Defendants' motion to dismiss is granted.

The Court has determined dismissal is required because it does not have jurisdiction to consider Plaintiff's claims, and alternatively, because Plaintiff's claims are barred by res judicata. Thus, it is unnecessary for the Court to consider the other bases for Defendants' motion to dismiss.

### III.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted. Plaintiff's claims against Champion Mortgage Company Inc., Champion Mortgage Reverse Mortgage Servicing Department, Nationstar Mortgage LLC d/b/a Champion Mortgage Company, Nationstar Mortgage, Nationstar Mortgage Holdings, Fortress Investment Group LLC, and SouthLaw P.C. are dismissed.

IT IS SO ORDERED.

DATE: November 9, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

5