IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LARRY D. WILLS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-00509-CV-W-ODS ) |
| JAMES B. NUTTER & COMPANY, et al., | ) ) ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANT JAMES B. NUTTER & COMPANY'S MOTION TO DISMISS

Pending is Defendant James B. Nutter & Company's ("Nutter") Motion to Dismiss. Doc. #41. For the following reasons, the motion is granted, and Plaintiff's claims against Nutter are dismissed.

### I. BACKGROUND

Plaintiff, who is proceeding pro se, filed this action against Nutter; Champion Mortgage Company Inc., Champion Mortgage Reverse Mortgage Servicing Department, Nationstar Mortgage LLC d/b/a Champion Mortgage Company, Nationstar Mortgage, and Nationstar Mortgage Holdings (collectively, "Nationstar Defendants"); Fortress Investment Group LLC ("Fortress"); and SouthLaw P.C. ("SouthLaw"). Doc. #4. Plaintiff asserts claims against Defendants related to the foreclosure of Plaintiff's mother's property, and Plaintiff's title rights to the property. *Id.* The Nationstar Defendants, Fortress, and SouthLaw moved to dismiss Plaintiff's Complaint. Docs. #7,12. The Court granted their motions to dismiss, finding the *Rooker-Feldman* doctrine prevented the Court from having legal authority to consider Plaintiff's claims, and Plaintiff's claims were barred by res judicata. Doc. #32.

On November 2, 2017, Nutter sought leave to respond to Plaintiff's Complaint out of time. Doc. #29. Plaintiff did not oppose Nutter's motion. Doc. #35. The Court granted Nutter's motion, and directed Nutter to file its response to Plaintiff's Complaint. Doc. #38. In that same Order, the Court informed Plaintiff that, pursuant to Local Rule

7.0, Plaintiff "must file his suggestions in opposition to Defendant's motion to dismiss within fourteen days after the motion is filed." *Id.*

On November 22, 2017, Nutter filed its motion to dismiss (Doc. #41), adopting and incorporating by reference, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the arguments and authorities set forth in the motions to dismiss previously filed in this matter (Docs. #7, 12). Plaintiff's response to Nutter's motion was due December 6, 2017; however, he did not timely file a response, and to date, the Court has not received any further filings from Plaintiff. Accordingly, Nutter's motion to dismiss is now ripe for consideration.

## II.     STANDARD

In ruling a motion to dismiss for failure to state a claim, the Court must accept as true the complaint's factual allegations, and view the factual allegations in the light most favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, the Court is limited to a review of the complaint, but the Court may consider exhibits attached to the complaint, materials necessarily embraced by the complaint, and materials in the public record. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003); *see also Levy v. Ohl*, 47 F.3d 988, 991 (8th Cir. 2007) (citations omitted).

## III.     DISCUSSION

Nutter argues Plaintiff's claims should be dismissed because, among other reasons, the *Rooker-Feldman* doctrine prevents this Court from having legal authority to consider Plaintiff's claims, and Plaintiff's claims are barred by res judicata.

### A.  *Rooker-Feldman* Doctrine

This is the third action Plaintiff has filed based upon similar facts. In October 2016, Plaintiff filed a lawsuit against the same Defendants in the Circuit Court of

2

Jackson County, Missouri. Case No. 1616-CV25841 ("2016 state court matter"); Doc. #13-1. In the 2016 state court matter, Plaintiff sought declaratory relief finding him the rightful holder of title to property located at 3719 College Avenue, Kansas City, Missouri 64128, and requested judgment against the same Defendants in this matter. The 2016 state court matter arose from a reverse mortgage and note entered into between Lela Wills, the now-deceased borrower, and Champion. Upon Wills's death, the reverse mortgage became due and payable, and the property was foreclosed upon.[1] Plaintiff sought to quiet title and obtain an injunction declaring him the sole owner of the property. On March 8, 2017, the Honorable Joel Fahnestock dismissed Plaintiff's 2016 state court matter, finding he failed to state a claim upon relief could be granted against SouthLaw, and he lacked standing to bring his claims against the Nationstar Defendants and Fortress. Doc. #8-2; Doc. #13-4. Plaintiff did not appeal the dismissal.

One week later, on March 15, 2017, Plaintiff filed another lawsuit against the same Defendants in the Circuit Court of Jackson County, Missouri. Case No. 1716-CV06602 ("2017 state court matter"); Doc. #8-3; Doc. #13-6. Plaintiff alleged claims of breach of fiduciary trust, violations of the Missouri Merchandising Practices Act, and wrongful foreclosure. On June 19, 2017, the Honorable Dale Youngs dismissed Plaintiff's claims against the Nationstar Defendants and Fortress because he lacked standing, and even if he had standing, Plaintiff's claims were barred by the doctrine of res judicata. Judge Youngs dismissed the lawsuit with prejudice. Doc. #8-4; Doc. #13-7. Plaintiff did not appeal the dismissal.

Two days later, on June 21, 2017, Plaintiff initiated this matter. He brings this "suit in equity, wrongful foreclosure, quiet title, fraud, Missouri Merchandising Practices Act." Although these claims appear in the case caption, and at the bottom of every page of his Complaint, Plaintiff also refers to violations of civil rights, breach of fiduciary trust, and the Uniform Commercial Code. The Nationstar Defendants, Fortress, and SouthLaw moved to dismiss this matter, and the Court granted the motion. Nutter now asks the Court to dismiss Plaintiff's claims against Nutter for the same reasons asserted by the Nationstar Defendants, Fortress, and SouthLaw.

---

[1] On January 9, 2017, Nationstar Mortgage LLC filed an unlawful detainer action in the Circuit Court of Jackson County, Missouri, against the Heirs at Law of Ms. Wills, which included Plaintiff. Case No. 1716-CV00619. After a bench trial, judgment was entered in favor of Nationstar Mortgage LLC.

A lower federal court, such as this Court, is generally without jurisdiction (that is, legal authority) to hear "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that that state court's action was unconstitutional." *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Federal courts, with the exception of the United States Supreme Court, do not have jurisdiction over an appeal of a state court decision. *Id.*; *see also* 28 U.S.C. § 1257; *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990). The Eighth Circuit holds the *Rooker-Feldman* doctrine precludes jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Plaintiff seeks the same redress in this Court for the injuries caused by state-court judgments rendered before Plaintiff commenced this lawsuit. It also appears Plaintiff wants this Court to reconsider the state court's decisions in the 2016 and 2017 state court matters. The *Rooker-Feldman* doctrine prohibits this Court from reconsidering claims already brought and considered by a state court. This Court does not have jurisdiction to consider Plaintiff's challenge to state court actions. For this reason alone, Nutter's motion to dismiss is granted.

### B. Res Judicata

Nutter also argues this Court should dismiss Plaintiff's claims based upon the doctrine of res judicata. Res judicata bars "the same parties or their privities from relitigating the same cause of action." *Eugene Alper Constr. Co., Inc. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 136 (Mo. Ct. App. 1983). "Claims that could have been raised…in the first action are merged into, and thus are barred by, the first judgment. To determine whether a claim is barred by a former judgment, the question is whether the claim arises out of the same act, contract or transaction." *Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318-19 (Mo. 2002).

Here, Plaintiff alleges the same claims against Nutter he litigated in the state court matters, along with new claims against Nutter that were not litigated in state court. With regard to the same claims alleged in the state court matters that are alleged in this

matter, those claims are barred by the doctrine of res judicata. Further, with regard to the new claims Plaintiff alleges against Nutter, those claims arise from the same property at issue in the 2016 and 2017 state court matters. Further, the new claims arise from the same actions – reverse mortgage and foreclosure – that formed the bases of Plaintiff's claims in the state court matters. Thus, res judicata bars Plaintiff from bringing his claims in this matter against Nutter. Accordingly, Nutter's motion to dismiss is granted.

The Court has determined dismissal is required because it does not have jurisdiction to consider Plaintiff's claims, and alternatively, because Plaintiff's claims are barred by res judicata. Thus, it is unnecessary for the Court to consider the other bases for Nutter's motion to dismiss.

## IV.    CONCLUSION

For the foregoing reasons, Nutter's motion to dismiss is granted. Plaintiff's claims against Nutter are dismissed.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: December 13, 2017 | /s/ Ortrie D. Smith<br>ORTRIE D. SMITH, SENIOR JUDGE<br>UNITED STATES DISTRICT COURT |